

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-4-2008

# USA v. Caldwell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2401

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Caldwell" (2008). *2008 Decisions*. Paper 564.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/564

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2401

_____

UNITED STATES OF AMERICA

v.

EUGENE CALDWELL,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-cr-00045)
District Judge: Honorable David Stewart Cercone

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 30, 2008

Before:  RENDELL, SMITH, and FISHER, <u>Circuit Judges</u>.

Filed: September 4, 2008

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Appellant Eugene Caldwell ("Caldwell") appeals the sentence of 48 months' imprisonment that was imposed by the District Court after he pled guilty to one count of unauthorized use of access devices, in violation of 18 U.S.C. § 1029(a)(2), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). For the reasons that follow, we will affirm.

## Background[1]

On February 7, 2006, a grand jury in the Western District of Pennsylvania returned a two-count indictment against Caldwell, charging him with one count of unauthorized use of access devices and one count of aggravated identity theft, both relating to his use of stolen credit card numbers. Caldwell pled guilty to the charges, and on April 18, 2007, the District Court sentenced Caldwell to 48 months' imprisonment: 24 months for Count I and a mandatory 24 months, to be served consecutively, for Count II. A three-year period of supervised release was imposed with a special assessment in the amount of $200; restitution in the amount of $26,096.58 was also ordered.

On appeal, Caldwell argues that the District Court erred (1) in calculating the amount of loss attributable to him for the purposes of U.S.S.G. § 2B1.1(b); and (2) in

---

[1]As we write for the benefit of the parties alone, who are familiar with the facts and procedural history of this case, we confine our discussion to the legal issues presented and include only those facts necessary to our disposition.

2

imposing a procedurally and substantively unreasonable sentence. We will address each

of Caldwell's arguments in turn.

## DISCUSSION

### I. Calculation of Loss

The first issue that Caldwell raises on appeal involves the District Court's

calculation of the amount of loss relevant to Count One under the Sentencing Guidelines.

Caldwell argues that the District Court (1) improperly considered hearsay evidence in

determining the amount of loss and (2) misapplied the preponderance of the evidence

standard, shifting the burden of proof to him to disprove the amount of loss. We review

findings of fact for clear error and questions of law de novo. *United States v. Brothers*,

75 F.3d 845, 848 (3d Cir. 1996).

In this case, the District Court concluded that the amount of loss attributable to

Caldwell at Count One was between $30,000 and $70,000.[2] Caldwell first argues that the

District Court's decision to include $5,259.75 in its amount of loss calculation—which

was attributable to relevant conduct not charged in the indictment—relied on hearsay

evidence, and that, accordingly, the amount should have been left out of the total amount

---

[2]The PSR recommended that the offense of conviction led to an actual and intended loss of $32,139.08. This figure was comprised of (1) actual and intended losses relating to conduct referenced in the indictment totaling $26,879.33, and (2) actual and intended losses totaling $5,259.75 from two separate transactions not charged in the indictment, but involving relevant conduct. The $32,139.08 amount of loss resulted in a six-level increase in Caldwell's base offense level, as it fell between $30,000 and $70,000.

of loss, which would lower the applicable Sentencing Guidelines range from 24 to 30 months to 18 to 24 months. Specifically, Caldwell contends that the District Court should not have considered the sworn testimony and corresponding exhibits of Postal Inspector Staci Johnson.

We have explicitly recognized that "[a] district court may rely on hearsay in determining the sentence for a person sentenced under the guidelines." *United States v. Inigo*, 925 F.2d 641, 660 (3d Cir. 1991). In fact, "[t]he only constraint on evidence introduced for sentencing purposes is that it must be reliable." *Id.* In this case, the District Court did not find Johnson's testimony to be inherently unreliable, as she based it on her review of various police reports, police notes, victim interviews, and a transcript of Caldwell's confession. After hearing Inspector Johnson's testimony, the District Court recognized that, although the evidence presented was circumstantial, "circumstantial evidence certainly is to be given weight when determining whether the burden of proof has been met." (App. 84-85.) The District Court ultimately concluded that, based on the evidence presented, the Government had established the loss by a preponderance of the evidence. Upon a review of the record, we cannot say that the District Court's finding was clearly erroneous.

Caldwell also challenges the District Court's determination as to the amount of loss by arguing that the District Court misapplied the preponderance of the evidence test by focusing on the amount of evidence rather than the quality of evidence. Specifically,

Caldwell contends that the District Court concluded that the Government had met its burden "because it put on a witness and the defendant did not." (Appellee's Br. 25.)

The record clearly establishes that the District Court properly applied the burden of proof in this case. After considering Caldwell's argument that the Government's evidence was "very weak," the District Court stated:

> I think that [what] really is . . . bother[ing] the defense, and I don't mean to be putting words in the defendant's mouth, is the standard that applies here . . . it's the lighter standard known to the law. It's only a preponderance of the evidence. It's not even clear and convincing, let alone reasonable doubt. I think the defense may be bothered by that, but nonetheless, that is the law. I think the government has established a preponderance of the evidence.

(App. 85.) We simply find no basis in the record to support Caldwell's argument that the burden of proof was shifted. Accordingly, we find no error.

## II. Reasonableness of Sentence

Caldwell next argues that the District Court's decision to sentence him to 48 months in prison (24 months for Count One and an additional 24 months for Count Two) was procedurally and substantively unreasonable: procedurally unreasonable for (1) "failing to recognize or respond to non-frivolous § 3553(a) arguments in favor of a below Guidelines sentence" and (2) "according the Guidelines presumptive weight"; and substantively unreasonable for "imposing a sentence greater than necessary to promote the goals of § 3553(a)." (Appellant's Br. 33.)

As is now well established, we review the sentence imposed by a district court for "reasonableness." *United States v. Booker*, 543 U.S. 220, 258-63 (2005). "To be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). The district court "need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. Nor [is it] require[d for] district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (internal citations omitted). Instead, "[a] district court 'should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Lessner*, 498 F.3d at 203 (quoting *Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2468 (2007)). To be substantively reasonable, "a district court must apply the § 3553(a) factors reasonably to the circumstances of the case." *Id.* at 204. The pertinent inquiry is "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). "The party challenging the sentence bears the ultimate burden of proving its unreasonableness, and we accord great deference to a

6

district court's choice of final sentence." *Lessner*, 498 F.3d at 204 (internal citation omitted).

Here, the District Court's sentence was neither procedurally nor substantively unreasonable. Before announcing Caldwell's sentence, the District Court heard argument from Caldwell's counsel and heard from Caldwell himself. Addressing the defendant directly, the District Court drew attention to his extensive criminal history, noting that ever since the age of 15, Caldwell had been a "recidivist of theft offenses." (App. 93.) Recognizing its "duty to the people of the Western District of Pennsylvania" to incarcerate those who "impose a threat to them," the District Court imposed a sentence of 48 months. (App. 93; *see also* App. 94 ("At this point now it comes down to taking you out of society for a while, just to protect the people in my opinion.").) After announcing Caldwell's sentence, the District Court explicitly recognized that it took into consideration "the statutory provisions[ and] the Sentencing Guidelines" as well as "the position of the defendant."[3] (App. 99.) Despite Caldwell's arguments, the District Court concluded that its sentence met "the important goals of sentencing, . . . includ[ing] protecting society, as well as to deter others and hopefully to rehabilitate the defendant." (App. 99.)

---

[3]The District Court also addressed several of Caldwell's arguments prior to sentencing in its April 16, 2007 Memorandum Order and Tentative Findings and Rulings. (*See* App. 1-3.)

In light of the District Court's reasoning as outlined above and the "great deference" we afford to a district court's choice of sentence, *Lessner*, 498 F.3d at 204, we find no error.  Accordingly, Caldwell's sentence will be affirmed.


## CONCLUSION

For the foregoing reasons, we will AFFIRM the District Court's Judgment and Commitment Order.